# EXHIBIT "C"



# EAGLE TECHNOLOGIES, INC.

*"CONSTANT PURSUIT OF EXCELLENCE"*

September 22, 2004

Ms. Vivian M. Woods
1001 L Street, S.E., Apt. 2
Washington, DC 2003

**RE: Letter of Termination**

Ms. Woods I regretfully have to inform you that I am recommending that you be terminated from employment with *Eagle Technologies, Inc.,* effective immediately for your blatant disregard for established ETI policies and procedures. On August 11, 2004 you inquired above receiving extended leave through your Project Manager. You stated that you needed 30 consecutive days to handle an extremely serious and vital family medical situation. You request was denied as you did not provide any documentation to justify your request. On or about August 19, 2004 you sent an email to Mr. Christiansen stating that you needed to request extended leave for consecutive periods under the Family Medical Leave Act. In your email you stated that if ETI could not afford to have you out for 30 consecutive days at a time, how many consecutive day could we realistically negotiate. Further, you stated that the family medical situation must take place as soon as possible; however, a 30-day notification should be given, according to the CFR Title 29 Chapter V Family Medical Leave Act of 1993. On August 20, 2004 you were sent a copy of the Family and Medical Leave Act (FMLA) and it was pointed out to you that the employee ordinarily must provide 30 days' advance notice when the leave is "foreseeable." You were requested to provide medical certification to support your request for leave because of a serious health condition. On August 26, 2004 you sent another email to Mr. Christiansen stating that you were informed by Mr. Cardell Bullock that your request for 30-days leave without pay, under the Family Medical Leave Act was denied. You said, "Armed with this information, I request for two weeks under the same (FMLA)." Further, you said that Mr. Bullock informed you that your request for two weeks would be approved once medical documentation was submitted. In addition, you said that the medical documentation would be submitted on Friday, August 27, 2004. You went on to say that you deeply apologize for the inconvenience that your family situation may cause the company; however, you were informed that your presence was required, for a meeting being held on Tuesday, August 31, 2004, in South Carolina. You said the meeting was directly related to assisting our mother with her transition. You said that you were scheduled to leave Monday evening, August 30, 2004. In this latter email you stated that you requested two weeks, subject to be extended, base on the circumstances and progression of you mom's transition. Further, you said there will be an additional request for two weeks, tentatively scheduled for October and November 2004 for each subsequent month.

I have been informed that on August 26, 2004 you attended a staff meeting held by Mr. Steve Peyton, NASA Chief of Security, and during that meeting you stated that you were not going to be in on Tuesday, August 31, 2004, but that you would be in Monday, August 30, 2004. Mr. Peyton asked you had you cleared it with your Project Manager, Mr. Bullock, and you stated that you had not. Mr. Peyton then stated that you had to see Mr. Bullock first before taking Tuesday off. After the staff meeting you met with Mr. Bullock and informed him that you needed Tuesday, August 31, 2004 off to handle some business dealing with your mother in South Carolina. You also informed Mr. Bullock that you would definitely be in on Monday, August 30, 2004. Mr. Bullock asked you if you would be coming in on Wednesday, September 1, 2004, and you said that you did not know yet and it depended on how things went that Tuesday. Mr.

---

**Mailing Address:**
9301 Annapolis Road, Suite 200, Lanham, MD 20706-3130
**Web Page:** ETISecurity.com    VA DCJS Lic. # 11-3126

**Tel:** 301/306-9110
**Fax:** 301/306-9166
**Email:** NVChrissr@aol.com

Bullock said he needed to know because he had to get someone to cover your hours, and you informed him that you would call.

On August 27, 2004 you sent another email to Mr. Christiansen informing him that all necessary medical documentation was submitted to Cardell Bullock, Project Manager on August 27, 2004. Mr. Bullock confirmed that he received the medical documentation. Further, Mr. Bullock stated that he informed you that he would deliver the documentation to the corporate office that afternoon. In addition, he said that he told you that he would see you on Monday, August 30, 2004 and that the corporate office may have an answer to you request about taking 30 days of leave and that you should call the corporate office on Monday. Allegedly, you stated thank you and you would see him on Monday, August 30, 2004.

On August 30, 2004, I received notification from Mr. Bullock that you have left a voice mail message on his office telephone informing him that you would not be in to work that day (Monday, August 30, 2004). According to Mr. Bullock you also stated on the voice mail message that you would call him and advise him of your situation.

On September 7, 2004, Mr. Bullock provided me a memorandum for record concerning you not showing up for work, nor calling off on September 1st, 2nd & 3rd, 2004. In addition, he informed me that he had not heard from you since you left him a voice mail message on August 30, 2004.

On September 10, 2004, Mr. Bullock informed me that you had called and left another voice mail message requesting that your payroll check be given to your son; however, you message did not say anything about you returning to work.

On September 21, 2004, Mr. Bullock informed me that he had talked with you on the telephone and you informed him that you would be coming back to work on Thursday, September 30, 2004. Mr. Bullock informed me that you were a "No Call/No Show" for the entire week of September 13 – 17, 2004.

Ms. Woods you have willfully and blatantly failed to follow established ETI policies and procedures, specifically, you failed to report for work and failed to notify your supervisor for more than two days. Furthermore, you even failed to follow the procedures under the Family and Medical Leave Act of 1993. Such blatant disregard for established procedures cannot and will not be tolerated.

*Leonard J. Kraus*
Leonard T. Kraus
VP, Quality Assurance

**Mailing Address:**
9301 Annapolis Road, Suite 200, Lanham, MD 20706-3130
Web Page: ETISecurity.com      VA DCJS Lic. # 11-3126

Tel: 301/306-9110
Fax: 301/306-9166
Email: NVChrissr@aol.com

43