UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VIVIAN M. WOODS<br>37A Wild Horse Road<br>Hilton Head, SC 29926,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EAGLE TECHNOLOGIES, INC.,<br>9301 Annapolis Rd., Suite 200<br>Lanham, MD 20706-3130,<br><br>　　　　and<br><br>HEALTH INSURANCE SPECIALISTS, INC.<br>17620A Redland Road<br>Rockville, MD 20855,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:06cv00695 RMC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT EAGLE TECHNOLOGIES' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

**I.    INTRODUCTION**

Defendant Eagle Technologies ("Eagle") in its Motion to Dismiss, or in the Alternative, Motion to Transfer Venue ("Motion"), argues that this lawsuit either should be dismissed because venue is not proper in this jurisdiction or, alternatively, the Court should transfer the case to the United States District Court for the District of Maryland. Specifically, Eagle argues that under 28 U.S.C. § 1391(b) venue is not proper in the District of Columbia because a "substantial part of the events or omissions giving rise to the claim occurred" in Maryland. Alternatively, Eagle argues that, even if venue is proper

in the District of Columbia, this Court should transfer this action to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a) because the interests of justice require that this matter be litigated in the state in which Eagle is located.

In this Opposition, Plaintiff Vivian Woods' ("Woods") demonstrates that venue is proper in this jurisdiction pursuant to 29 U.S.C. § 1132(e)(2) because Eagle has sufficient contacts with this jurisdiction; and that transfer of this action would be improper because a plaintiff proceeding under section 1132(e)(2) has wide latitude in selecting venue, and it would in no way be unjust to require Eagle to litigate this matter in the District of Columbia, a jurisdiction in which Eagle routinely conducts business.

## II.  STANDARD

Though the issue is not settled in this jurisdiction, a judge of this Court has observed that courts in the Fourth Circuit "have held that the plaintiff usually bears the burden of establishing that venue is proper." Flynn v. Veazey Constr. Corp, 310 F.Supp. 2d. 186, 190 (D.D.C. 2004).  When considering a motion contesting venue, a court may consider matters outside of the pleadings *which are relevant* to that issue. Helmer v. Doletskaya, 290 F. Supp. 2d 61, 65 fn.1 (D.D.C. 2003) (citing Artis v. Greenspan, 223 F. Supp.2d 149, 152 (D.D.C. 2002)). Eagle has attached to its Motion "supporting documents" that are extraneous to the issue of venue, and the Court should not consider these documents in evaluating Eagle's motion.  If a court in this jurisdiction finds the venue in which a plaintiff filed the case improper, the preferred remedy is not dismissal,

but transfer to an appropriate venue. Capital Bank Int'l v. Citigroup, Inc., 276 F.Supp.2d 72, 78 (D.D.C. 2003).

A defendant seeking a transfer of venue under 28 U.S.C. § 1404(a) has the burden of proving that transfer is proper. Flynn, 310 F.Supp.2d. at 193. The decision to transfer is within the Court's discretions. Id. A defendant seeking transfer of venue in an ERISA case has "the added burden of surmounting ERISA's special venue provision," 29 U.S.C. § 1132(e)(2), and the "special weight" accorded to "a plaintiff's choice of forum in ERISA cases." Id.

### III. CASE SUMMARY

Plaintiff Woods asserts that Defendant Eagle, her former employer, and Defendant Health Insurance Specialists, Inc. ("HIS"), failed to comply with the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, as amended by the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et seq.* Specifically, Woods claims that Defendants failed to mail notice of her right to continuation of her health insurance coverage to her last-known address and failed upon request to provide her with a copy of the plan's Summary Plan Description.

Under 29 U.S.C. § 1166, upon the occurrence of a "qualifying event," the employer must notify the plan administrator of the event. Id. The employer can serve as the plan administrator. 29 U.S.C. § 1002 16(A) & (B). At this juncture in the litigation, it is not clear whether HIS or Eagle served as the plan administrator for Eagle's health plan. Compl. ¶¶ 6, 14. Termination can constitute a qualifying event provided that the employer did not fire the employee for actions constituting "gross misconduct." 29

U.S.C. § 1163(2). Upon the occurrence of the qualifying event, the plan administrator has 30 days in which to notify the employee of her right to continue her coverage under the employer's health plan. 29 U.S.C. § 1166(a)(2).

In this action, Woods asserts, in part, that: She participated in Eagle's group health plan (Compl. ¶¶ 12, 13), for which either Eagle or HIS served as the plan administrator (Compl. ¶¶ 6, 14); Eagle terminated her, not for gross misconduct, but, because she attempted to take 30-days of unpaid leave, pursuant to the Family & Medical Leave Act, to care for her mother (Compl. ¶¶ 8, 15-38, 61); Eagle knew or had reason to know that she had moved apartments prior to her termination (Compl. ¶¶ 31-34, 39, 43-47); moreover, Eagle knew that Woods could be contacted at her mother's home in South Carolina and did in fact send Woods correspondence to that address both before and after her termination (Compl. ¶¶ 28-29); despite the various avenues available to Eagle and HIS to provide COBRA notice, Defendants only attempted to provide notice by letter sent to Ms. Woods' old address (Compl. ¶¶ 37, 42,); after HIS notified Ms. Woods that the coverage notice had been returned undelivered, Defendants made no subsequent efforts to provide Ms. Woods with the requisite notice (Compl. ¶¶ 48-52); subsequently, Ms. Woods' health insurance lapsed, leaving her without coverage for surgery that she required (Compl. ¶ 56); and Woods has been unable to pay her medical bills, which remain outstanding. Id.

IV. **VENUE IS PROPER UNDER 29 U.S.C. 1132(e)(2) BECAUSE EAGLE HAS SUFFICIENT CONTACTS WITH THIS JURISDICTION**

    A.    The test for venue is whether Eagle can "be found" in the District of Columbia.

Subsection 1132(e)(2) establishes venue for a civil action brought under ERISA.[1]

It states:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides **or may be found**, and process may be served in any other district where a defendant resides or may be found.

(Emphasis added.)

In this Opposition, Woods asserts that venue is proper in this jurisdiction because Eagle "may be found" in the District of Columbia. The seminal case interpreting this phrase is Varsic v. U.S. Dist. Court for the Cent. Dist. of California, 607 F.2d 245 (9th Cir. 1979). In Varsic, the Ninth Circuit, citing ERISA's legislative history, ruled that, under the ERISA venue provision, a defendant "may be found" where the "employee performs his work and earns his pension credits." Id. at 247. In so ruling, the Court

---

[1] In her Complaint, Ms. Woods makes it clear that she is proceeding under 29 U.S.C. § 1132, and avers that venue is proper under 28 U.S.C. § 1391(b). Compl. ¶¶ 2, 3. Plaintiff in this Opposition argues that the venue statute controlling in this action is 29 U.S.C. § 1132(e)(2). Flynn v. Veazey Constr. Corp, 310 F.Supp. 2d. 186, 193 (D.D.C. 2004). Nevertheless, Plaintiff notes that, even if 1132(e)(2) were not applicable, venue would be proper under the § 1391(b) "substantial . . . events and omissions" test. Cf. Davis v. Am. Soc'y of Civil Eng'rs, 290 F.Supp.2d 116, 123 (finding venue not proper in District of Columbia, in part, because plaintiff only worked in defendant's District office "one or more days a week," and "only one of the many potential events giving rise to this action-the denial of the plaintiff's severance benefits-occurred in the District of Columbia.")

found that "[t]he liberal intent of Congress, which is embodied in ERISA generally, and in section 1132(e)(2) specifically, is clear. 'It is . . . the policy of (ERISA) to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, . . . by providing for . . . ready access to the Federal courts.' 29 U.S.C. § 1001(b)." Id. Accordingly, the court went on to hold that a plan administrator could be "found" for the purposes of venue if it met the "minimum contacts" test as articulated in Int'l Shoe v. Washingtion, 326 U.S. 310, 310 (1945). Id. at 248-249. The United States Court of Appeals for the District of Columbia Circuit has since adopted the Ninth Circuit's liberal interpretation of the relevant venue provision: "The Ninth Circuit's resort in Varsic to the current due process test for *in personam* jurisdiction of a corporation to determine the meaning of 'found' as a venue requirement is, we think, sound." I.A.M. Nat'l Pension Fund v. Wakefield Indus., Inc., 699 F.2d 1254, 1257 (D.C. Cir. 1983).

More recently, the D.C. Circuit ruled that due process is "satisfied when *in personam* jurisdiction is asserted over a nonresident corporate defendant that has certain minimum contacts with [the forum] such that the suit does not offend traditional notions of fair play and justice." Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 509 (D.C. Cir. 2002) (citing Helicopteros Nacionales de Columbia S.A. v. Hall, 466 U.S. 408, 414 (1984) (some internal quotation marks omitted).

Expounding on International Shoe, courts have identified two types of *in personam* jurisdiction, limited and general. See, e.g., Gorman 293 F.3d at 509-510 (citing cases). Limited jurisdiction is established when a defendant "has purposefully directed its activities at the resident of the forum, and the alleged injuries that arise out of

or relate to these activities." Helmer, 290 F.Supp.2d at 66 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985)). A court has general jurisdiction over a defendant, regardless of the nature of the claim when "the defendant's business contacts with the forum district are 'continuous and systematic.'" Gorman, 293 F.3d at 510 (citing Helicopteros, 466 U.S. at 415). This same analysis applies to the section 1132(e)(2) test for venue. I.A.M., 699 F.2d at 1257.

The District of Columbia has codified general jurisdiction in its "long-arm statute" at D.C. Code § 13-334(a) (allowing for service on a foreign corporation "doing business" in the District). The District of Columbia Court of Appeals has found that "the reach of 'doing business' jurisdiction under § 13-334(a) is coextensive with the reach of constitutional due process." Gorman, 293 F.3d at 510 (citing precedent from the District of Columbia Court of Appeals). Accordingly, where the due-process test for general jurisdiction is met, the corporate defendant is deemed to be "found" within the District of Columbia, thereby satisfying the requirement for ERISA venue.

> B.  Eagle can "be found" in the District because the company had systematic and continuous contacts with the jurisdiction during the time of Woods' employment.

Eagle attaches an affidavit from its president, Nicholas V. Christiansen, Sr., in which he admits that Eagle provides security services to the National Aeronautics and Space Administration ("NASA") in the District of Columbia. Mot., Christiansen Aff. at ¶¶ 6, 11-12.[2] He further admits that Woods worked at that facility as an Eagle employee. Id. at ¶ 11.

---

[2] Eagle Technologies' website indicates that Eagle also has contracts in Washington,

That Eagle had systematic and continuous contact with the District is further clarified by the facts set forth in Affidavit of Vivian M. Woods, which is appended to this Opposition. Woods in her affidavit alleges that: Eagle had a permanent and significant presence at NASA in the District of Columbia during her time of employment. Woods Aff. at ¶ 6 (Woods had dedicated office space, as did her supervisor); 8 (Eagle had approximately 20 employees at NASA). Furthermore, Woods' contact with Eagle occurred almost exclusively in the District. Id. at 9 & 15 (communications Woods had with Eagle's Maryland office took place in primarily in District); 10 (went to Maryland office on few occasions); 12 (received her wages by deposit to NASA Federal Credit Union); 13 (all communications regarding her health-care plan took place in District); 14 (received medical treatment through health-care plan in District).[3] These facts illustrate that Eagle was "doing business" in the District of Columbia and, therefore, meets the due-process test for jurisdiction, and, by extension, the 1132(e)(2) venue provision.

In addition, based on the attachments to Eagles' Motion, it appears that it will argue that Woods was not fired for attempting to exercise her rights under the Family & Medical Leave Act, but was fired for gross misconduct, and therefore not entitled to COBRA notice. See, e.g., Mot., Exh. C (Termination Letter); Christiansen Aff. at ¶ 18 ("Ms. Woods was terminated because she failed to show up for work after assuring her supervisor that she would be there."). As Woods asserts in her affidavit, the bulk of her

---

D.C., with the Federal Aviation Administration, Downtown Locker Room and Levtran Enterprises. Eagle Technologies, Inc., website at http://www.etisecurity.com/clients.htm (June 9, 2006).

[3] In addition, Woods lived in the District during the entire time of her employment with

communications regarding her request for leave occurred at, or originated from, the NASA worksite. Woods Aff. at ¶ 15.

Finally, as set forth in Woods' Complaint, her claim arose, in part, because Eagle and HIS mailed her COBRA notice to her old apartment in the District, and, upon learning that she did not receive this letter, made no attempt to mail the letter to her current address in the District. Opp. at III, pg. 4, *supra*.

The Court should find venue in the District because the contacts by Eagle with the District are more extensive than those of the defendant and the forum state in the seminal case of International Shoe, 326 U.S. 310, (1945). In International Shoe, the Court found jurisdiction proper because the defendant's engaged in "systematic and continuous" contact with the forum state. The facts were as follows: Defendant employed 11 to 13 shoe salesmen in the state. Id. at 314. These salesmen had only one of a pair of the company's various types of shoes, which they used to show prospective customers. Id. The company did not have permanent office space in the jurisdiction, but would occasionally rent rooms to display its shoes. Id. Any sale contracts and purchase orders were consummated out of state. Id. On these facts the Court found:

> [T]he activities carried on in behalf of [the shoe company] in the State of Washington were neither irregular nor casual. They were systematic and continuous throughout the years in question. They resulted in a large volume of interstate business, in the course of which [the shoe company] received the benefits and protections of the laws of the state, including the right to resort to the courts for the enforcement of its rights.

---

Eagle. Woods Aff. at ¶ 5.

Id. at 320.

The same could be said about Eagle's contacts with the District; thus, sufficient contacts exist to satisfy the general-jurisdiction test. Hence, venue is proper in this ERISA action.

    C.    Venue is proper under the limited-jurisdiction test.

Even were the facts set forth in the cited affidavits insufficient to establish that Eagle had continuous and systematic contacts with the District, they clearly establish that Eagle "purposefully directed its activities at the resident of the forum" and Woods' injuries arose from those activities. Eagle's obligation to provide Woods notice arose through her employment, which, as noted above, took place exclusively in the District of Columbia.[4] See, e.g., Varsic 607 F.2d at 250 (venue proper because defendant "receiv[ed] contributions and [made] payments based upon work performed there."); I.A.M., 699 F.2d at 1259 (Defendant could "be found" in New York under 1132(e)(2) because "[it made] payments and reports to the Pension Fund in the State of New York . . . and it is the cessation of these activities which gave rise to the present cause of action."); Arista Records, Inc. v Sakfield Holding Co., 314 F.Supp.2d 27, 31 (single act in District sufficient to find limited jurisdiction).

Because Woods' lawsuit arises out of Eagle's conduct in the District, Eagle has sufficient contacts under the limited-jurisdiction test to establish venue under 1132(e)(2).

---

[4] For this reason it is inaccurate to argue, as Eagle does, that Woods' action is unrelated to this jurisdiction to the extent that she alleges that Eagle was, *inter alia*, obligated to mail COBRA notice to her mother's home in South Carolina. Mot. at 6.

Eagle has sufficient contacts with the District under both general and limited-jurisdiction test. Therefore, the Court should deny Eagle's Motion to Dismiss For Improper Venue.[5]

## V. TRANSFER WOULD BE IMPROPER BECAUSE ERISA GIVES PLAINTIFFS BROAD LATITUDE IN SELECTING VENUE AND FACTS CITED BY EAGLE ARE INSUFFICIENT TO JUSTIFY TRANSFER

Under the 1132(e)(2), Eagle must meet a heightened standard to prevail on its Motion to Transfer. Flynn v. Veazey Constr. Corp, 310 F.Supp. 2d. 186, 193 (D.D.C. 2004) ("In the ERISA context, a defendant seeking a transfer of venue has the additional burden of surmounting ERISA's special venue provision.").

In Flynn, the court denied the defendant's motion to transfer even though the defendant alleged that many of the documents and witnesses were located in Houston, the forum in which the alleged breach occurred. Id. In denying defendant's motion to transfer, the court noted that the plaintiff represented that "several witnesses and records are located in the District of Columbia." Id. The same is true in this case. Woods' Aff. at ¶¶ 6 (Woods had an office and conducted all of her work in the District) and 7 (NASA personnel supervised Woods). The court went on to note:

> Because of the special weight ERISA accords a plaintiff's choice of forum, the court need not engage in a lengthy analysis to determine that transfer is not warranted. Indeed, under similar conditions, members of this court have cited ERISA's special venue provision in rejecting virtually every attempt to transfer ERISA actions under §1404(a).

Id. (citing cases).

---

[5] Defendant Health Insurance Specialists, Inc. (HIS) has to date not contested venue. The precedent cited here is sufficient to establish that venue in the District is also proper as to

11

Eagle has failed to meet it burden of showing that transferring this case to Maryland would be just. First, it strains credulity to believe that it would be a hardship for Eagle to litigate a claim in this jurisdiction when Eagle conducts business in this jurisdiction on a regular basis. Mot., Christiansen Aff. at ¶ 12; Opp. at IV.B., pg. 7, *supra*. Second, Eagle claims that it would be prudent to transfer this case to Maryland because the witnesses and documents relevant to this matter are located in Maryland. Mot. at 9. Even taking this statement as true, the documents at issue in the case will be comparatively few. In fact, Eagle has attached many of the key documents to its Motion. It will not be a significant hardship for Eagle to transport the limited documents in this case from Maryland to D.C. Likewise, it will not be a hardship for the few Eagle witnesses in this case to travel to the District. Indeed, at least one key witness, Woods' former supervisor, during the time of Woods' employment, worked in the District. Woods Aff. at ¶ 6. Moreover, Eagle is currently litigating another claim brought by Woods in the District of Columbia's Office of Human Rights. Compl. ¶ 54 (Eagle fired Woods for attempting to take unpaid family and medical leave). This case involves many of the same documents at issue in the litigation before this Court, and will involve the same witnesses.

Finally, Eagle argues that the Court should transfer this matter because Maryland has an interest in hearing cases involving its corporate citizens. Mot. at 8. However, Maryland's interest is certainly no greater than the District's, which has an interest in ensuring that those who work here enjoy the full protection of federal law.

In contrast, while Eagle, an apparently successful security-services corporation, would not be inconvenienced in a material way by litigating this matter in the District, prosecuting this lawsuit in Maryland would represent a hardship for Ms. Woods. She has suffered significant financial hardship as a result of Eagle's wrongful acts, and she will have to incur additional expenses if the Court transfers this case to Maryland. Woods Aff. at ¶16.

Because Eagle has failed to establish that the convenience of the parties and witnesses warrants transfer, and because courts in this jurisdiction give special weight to a plaintiff's choice of venue under ERISA, Eagle's Motion to Transfer should be denied.

## VI. CONCLUSION

Eagle regularly "does business" within the District of Columbia and therefore has sufficient minimum contacts such that venue is proper for this ERISA action. Alternatively, Eagle is subject to venue here because it had contacts with the District and this action arose out of those contacts. For these reasons, Eagle's Motion to Dismiss should be denied. Because Eagle has failed to meet the heightened showing required to overcome Woods' choice of venue as provided for in 1132(e)(2), Eagle's Motion to Transfer should likewise be denied.

Dated: June 9, 2006                    Respectfully submitted,


/s/_____
J. Thomas Spiggle, Esq. (D.C. Bar No. 490979)
S. Robert Sutton, Esq. (D.C. Bar No. 367304)
Janis, Schuelke & Wechsler
1728 Mass. Ave., N.W.
Washington, DC 20036

(202) 861-0600
jtspiggle@janisschuelke.com

Counsel for Plaintiff
Vivian M. Woods

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of Plaintiff's Memorandum of Law in Support of Plaintiff's Opposition to Eagle Technologies' Motion to Dismiss, or in the Alternative, Motion to Transfer Venue, was served electronically on this the 9th day of June 2006, to:

James E. McCullum, Jr., Esq.
7309 Baltimore Avenue, Suite 117
P.O. Box. 1717
College Park, MD 20741-1717
Attorney for Defendant Eagle Technologies, Inc.

Dennis J. Quinn, Esq.
1615 L Street. N.W.
Suite 500
Washington, D.C. 20036
Attorney for Defendant Health Insurance Specialists, Inc.

    I hereby certify that a hard copy of this same Opposition was placed in the U.S. Mail on the same date to:

Richard C. Daniels, Esq.
7309 Baltimore Avenue, Suite 217
College Park, MD 20740-3200
Attorney for Defendant Eagle Technologies, Inc.

/s/_____
J. Thomas Spiggle, Esq.

14

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIVIAN M. WOODS )<br>37A Wild Horse Road )<br>Hilton Head, SC 29926, )<br>    )<br>   Plaintiff, )<br>    )<br>   v. )<br>    )<br>EAGLE TECHNOLOGIES, INC., )<br>9301 Annapolis Rd., Suite 200 )<br>Lanham, MD 20706-3130, )<br>    )<br>   And )<br>    )<br>HEALTH INSURANCE SPECIALISTS, INC. )<br>17620A Redland Road )<br>Rockville, MD 20855, )<br>    )<br>   Defendants. )<br>_____ ) | Civil Action No. 1:06cv00695 RMC |

### [PROPOSED] ORDER DENYING DEFENDANT EAGLE TECHNOLOGIES, INC.'s MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER FOR IMPROPER VENUE

The Court, having reviewed Defendant Eagle Technologies, Inc.'s Motion To Dismiss, Or In The Alternative, Motion To Transfer For Improper Venue and relevant attachments thereto; Plaintiff's Opposition and attached affidavit; and any Reply thereto, on this the ____ of _____ 2006, hereby ORDERS that:

1) Defendant's Motion to Dismiss is DENIED; and

2) Defendant's Motion to Transfer is DENIED.

_____
                Judge Rosemary M. Collyer

Copies to:

James E. McCullum, Jr., Esq.
7309 Baltimore Avenue, Suite 117
P.O. Box. 1717
College Park, MD 20741-1717
Attorney for Defendant Eagle Technologies, Inc.

Richard C. Daniels, Esq.
7309 Baltimore Avenue, Suite 217
College Park, MD 20740-3200
Attorney for Defendant Eagle Technologies, Inc.

Dennis J. Quinn, Esq.
1615 L Street. N.W.
Suite 500
Washington, D.C. 20036
Attorney for Defendant Health Insurance Specialists, Inc.

J. Thomas Spiggle, Esq.
S. Robert Sutton, Esq.
1728 Mass. Ave., N.W.
Washington, D.C. 20036
Attorneys for Plaintiff Vivian Woods