IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **VIVIAN M. WOODS** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No: 1:06CV00695 |
| | * | Judge: Rosemary M. Collyer |
| **EAGLE TECHNOLOGIES, INC.** | * | |
| | * | |
| Defendants | * | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION TO TRANSFER FOR IMPROPER VENUE**

Defendant, Eagle Technologies, Inc. ("Eagle"), by its undersigned counsel, states the following as its Supplemental Memorandum of Law in Support of Motion to Dismiss, or in the Alternative, Motion to Transfer for Improper Venue:

**I.   PLAINTIFF'S UNDERLYING CLAIM HAS BEEN DISMISSED.**

In Plaintiff's Opposition to Defendant Eagle's Motion to Dismiss, Ms. Woods states that this litigation should proceed in the District of Columbia because Eagle is currently litigating another claim against it brought by Woods before the District of Columbia's Office of Human Rights ("OHR"). In that case Ms. Woods alleged that Eagle fired her for attempting to take unpaid family and medical leave in violation of the District of Columbia Family Medical Leave Act. *D.C. Code*, § 32-501, *et seq*.[1] She further contends that the litigation before the OHR involved the same documents and witnesses that relate to the issues and claims currently pending before this Court.

---

[1] Ms. Woods has not alleged a violation of the Federal Family Medical Leave Act. 29 U.S.C.A. § 2601, *et seq*.

Since the filing of pleadings in this matter, the OHR has entirely rejected Ms. Woods's arguments in that matter and dismissed her complaint.  *See* "Letter of Determination" dated July 19, 2006, attached as Exhibit "A."  The OHR made determinations that Eagle did not unlawfully deny Woods the benefits of the District of Columbia Family and Medical Leave Act [Exhibit "A," p. 10] and that Eagle did not discriminate against Woods on the basis of family responsibility [Exhibit "A," p. 16].

Consequently, Eagle is not currently litigating a claim brought by Woods in the District of Columbia.  Eagle did not fire Woods for attempting to take unpaid family and medical leave, and in actuality fired her for gross misconduct.  Furthermore, whatever documents or witnesses were brought together for that litigation, which Woods contends bear relation to this case, have now returned to their normal places of work or storage.  The fact that Eagle has already been inconvenienced once by Ms. Woods, in a claim firmly decided in Eagle's favor, does not mean that it should be forced again to litigate in the District of Columbia along with its witnesses.

II.  **PLAINTIFF'S CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF WAS DISCHARGED FOR GROSS MISCONDUCT.**

Plaintiff's entire claim against Defendant is grounded on her erroneous contention that she was wrongfully discharged in violation of the District of Columbia Family Medical Leave Act and was then did not provided the appropriate COBRA discharge notice and benefits.   It is now clear that Plaintiff was not wrongfully discharged.  She was terminated for not reporting to her post of duty at the national headquarters of a Federal agency after indicating she would report for duty as ordered and agreed upon.

Such action clearly constitutes gross misconduct. Termination for gross misconduct disqualifies an employee from receiving COBRA benefits. 29 U.S.C.A. § 1163(2). *Zickafoos v. UB Service, Inc.,* 23 F. Supp.2d 652 (S.D. W.VA., 1998); *Burke v. American Stores Employee Benefit Plan,* 818 F. Supp. 1131 (N.D. Ill., 1993). However, "[T]here is little direct statutory or judicial guidance on the meaning of 'gross misconduct' as it is used in 29 U.S.C.A. 1163."

The court in *Zickafoose v. UB Services, Inc., supra,* offers an appropriate definition of gross misconduct: "The proper inquiry should consider not only whether the employee intended harm to the employer but likewise whether the nature of the conduct itself is reasonably outrageous to the employer." *Id.,* 656. However, no matter what definition of "gross misconduct" is applied, the conclusion is the same. Ms. Woods committed to report to her post on at least two (2) days, and as many as seven (7) days, for which she failed to show or to notify her superiors so that a replacement could be found leaving NASA headquarters potentially at risk. Eagle's employee handbook provides that an employee can be fired for missing two (2) days of work without informing superiors and receiving authorization (Ex. A, p.7). Missing a minimum of two (2) days of work without notice is gross misconduct for Eagle employees because of the tasks they perform and the places they perform them. Ms. Woods was assigned to the National Aeronautics and Space Administration (NASA) Headquarters in Washington, D.C.

The need for consistent, quality security at such a national headquarters facility in post 9/11 goes without saying. By failing on multiple occasions to report for her required

duty, Ms. Woods jeopardized the ability of Eagle to provide adequate security for NASA Headquarters. Eagle discharged Ms. Woods for acting in a manner extremely harmful not only to Eagle, but the National headquarters of NASA, by being absent without leave ("AWOL") from her post of duty. Ms. Woods's behavior conforms to that of the plaintiff in *Adkins v, United International Investigative Services, Inc.*, where the court found that the plaintiff was not eligible of COBRA benefits having been properly terminated for gross misconduct for, among other things, the ". . . desertion of his post as a security guard." *Adkins v. United Int'l Investigative Services, Inc.*, No. C 91-0087 BAC, 1993 WL 345186 (N.D. Cal, March 27, 1993).[2]

Ms. Woods was fired for gross misconduct and is consequently not entitled to any benefits under COBRA.

### III.    CONCLUSION.

For the above supplemental reasons, this case should be dismissed because it does not state a cause of action due to Plaintiff's discharge for gross misconduct. In the

---

[2] While *Adkins* is an unreported decision, it is cited as precedential authority in a reported decision, *Larsen v. Senate of the Commonwealth of Pennsylvania*, 955 F. Supp. 1549, 1581 (M.D. Pa., 1997).

alternative, if the Court finds a cause of action is stated, it should be transferred to United States District Court for the District of Maryland.

/s/_____
Richard C. Daniels
D.C. Bar No. 369261

DANIELS & GREEN, L.L.C.
7309 Baltimore Avenue, Suite 217
College Park, MD 20740-3200
(301) 864-1100


/s/_____
James E. McCollum, Jr.
D.C. Bar No. 398117
Carla M. Mathers

7309 Baltimore Avenue, Suite 117
P.O. Box 1717
College Park, Maryland 20741-1717
(301) 864-6070

Attorneys for Defendant,
 Eagle Technologies, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Supplemental Memorandum of Law in Support of Motion to Dismiss, or in the Alternative, Motion to Transfer for Improper Venue, was mailed, postage prepaid, this 31st day of July, 2006 to J. Thomas Spiggle, Esq., Janis, Schuelke & Wechsler, 1728 Massachusetts Avenue, N.W., Washington, D.C. 20036 and Kelly M. Lippincott, Esq., 1615 L Street, N.W., Suite 500, Washington, D.C. 20036.

/s/_____
Richard C. Daniels