UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIVIAN M. WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Case Number 1:06CV00695 (RMC) |
| ) | |
| EAGLE TECHNOLOGIES, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT EAGLE TECHNOLOGIES' ANSWER TO COMPLAINT AND CROSS CLAIM AGAINST DEFENDANT HEALTH INSURANCE SPECIALISTS, INC.**

Defendants, Eagle Technologies ("Eagle"), by its undersigned counsel hereby sets forth its answer to the complaint as follows:

1. Defendant admits that it is plaintiff's former employer. Defendant denies the remainder of the first sentence. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1, and therefore Defendant denies those averments. Defendant specifically denies the averments contained in the final sentence of the paragraph as they relate to its actions and asserts that it is without information sufficient to form a belief as to the truth of the allegations in the remainder of the sentence, and therefore denies those averments.

2. Paragraph 2 of the Complaint consists of assertions of law to which no response is required. To the extent that a response is required, Defendant states that the relevant law speaks for itself and otherwise denies the allegations in Paragraph 2.

3. Paragraph 3 of the Complaint consists of assertions of law to which no response is required. To the extent that a response is required, Defendant states that the relevant law speaks for itself and otherwise denies the allegations in Paragraph 3.

4. Defendant admits that Ms. Woods resided and worked in the District of Columbia for Eagle. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 4, and therefore denies those averments.

5. Defendant admits that it is a corporation organized in the state of Maryland and that it provides security officers and related services for a number of public and private entities. Eagle denies the remaining averments in Paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 as stated and therefore denies those averments.

7. Admit.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 as stated and therefore denies those averments.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies those averments.

16. Deny.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 as stated and therefore denies those averments.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 as stated and therefore denies those averments.

19. Admit.

20. Admit.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 as stated and therefore denies those averments.

22. Defendant states that the document referred to in paragraph 22 speaks for itself, and to the extent that an answer is required to the paragraph, defendant denies.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 as stated and therefore denies those averments.

24. Admit.

25. Deny.

26. Deny.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 as stated and therefore denies those averments.

28. Deny.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 as stated and therefore denies those averments.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies those averments.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies those averments.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies those averments.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies those averments.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies those averments.

35. Admit.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies those averments.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies those averments.

38. Defendant states that the document referred to in paragraph 38 speaks for itself, and to the extent that an answer is required to the paragraph, defendant denies.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies those averments.

40. Admit.

41. Deny.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies those averments.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies those averments.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies those averments.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies those averments.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies those averments.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies those averments.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies those averments.

49. Deny.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies those averments.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies those averments.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies those averments.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies those averments.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 54, and therefore denies those averments. Defendant admits that the Clinic contacted Eagle about alleged violations of FMLA and that Eagle responded that it is not liable because of Ms. Woods' failure to provide adequate notice of the alleged need for leave. Defendant lacks knowledge of information sufficient to form a belief as to the truth of the allegations in the fourth and fifth paragraphs with respect to Ms. Woods' subsequent conduct, though Defendant admits that Ms. Woods has filed a complaint with the District of Columbia Office of Human Rights and that those proceedings have been dismissed.

55. Deny.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies those averments.

57. Defendant states that the documents referred to in paragraph 57 speak for themselves, and to the extent that an answer is required to the paragraph, defendant denies.

## Count I

### (Failure to Provide COBRA Notice)

58. Paragraph 58 of the Complaint consists of assertions of law to which no response is required. To the extent that a response is required, Defendant states that the relevant law speaks for itself and otherwise denies the allegations in Paragraph 58.

59. Paragraph 59 of the Complaint consists of assertions of law to which no response is required. To the extent that a response is required, Defendant states that the relevant law speaks for itself and otherwise denies the allegations in Paragraph 59.

60. Deny

61. Deny.

62. Deny.

63. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and therefore denies those averments,

64. Deny.

65. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and therefore denies those averments.

## Count II

(Failure to Provide a Summary Plan Description)

66. Defendant incorporates by reference its responses to Paragraphs 1 through 65 above.

67. Paragraph 67 of the Complaint consists of assertions of law to which no response is required. To the extent that a response is required, Defendant states that the relevant law speaks for itself and otherwise denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68 of the Complaint as they relate to Eagle. With respect to the averments relating to HIS, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore denies those averments.

69. Paragraph 69 of the Complaint consists of assertions of law to which no response is required. To the extent that a response is required, Defendant states that the relevant law speaks for itself and otherwise denies the allegations in Paragraph 69.

70. Paragraph 70 of the Complaint consists of assertions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 67.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff did not suffer any injury or any actual, indirect, or consequential damages from the actions alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Any injuries or damages that plaintiff may have sustained were caused by persons, acts, omissions, and/or conditions for whom and for which defendant is not responsible.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

### NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this Answer to assert additional affirmative defenses that may be supported by the disclosure or discovery of additional information.

WHEREFORE, having fully answered all of the allegations of the Complaint, defendant denies that plaintiff is entitled to the relief requested (or any other relief) and respectfully requests that the Court dismiss the Complaint with prejudice, enter judgment for defendant, award the costs and expenses of this action to defendant, and grant any other relief the Court deems proper.

### DEFENDANT EAGLE TECHNOLOGIES, INC.'S CROSS-CLAIM

Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff Eagle Technologies, Inc., ("Eagle") hereby files its Cross-claim against defendant Health Insurance Specialists, Inc., ("HIS"). Cross-claimant Eagle asserts that HIS may be individually, jointly, and/or severally liable to Cross-claimant Eagle for any and/or all of Plaintiff's claims against Eagle, and states:

1. At all times relevant to this action, Eagle contracted for employee health benefit services with defendant HIS.

2.    At all times relevant to this action, Eagle informed HIS of the addresses of those employees who experienced a "qualifying event" under 29 USC § 1166 ("COBRA").

3.    According to paragraph 42 of the Complaint, HIS mailed a COBRA notice to Ms. Woods on October 27, 2004, at an address in the District of Columbia.

4.    According to paragraph 48 of the Complaint, on November 29, 2004, the certified mail notice sent to Ms. Woods was returned by the Postal Service indicating that the letter was being returned unclaimed.

5.    Upon information and belief, HIS did not take any further affirmative action to locate Ms. Woods or to ascertain her correct address to inform her of her COBRA rights in violation of the agreement between HIS and Eagle for employee health benefit services.

6.    According to paragraph 57 of the Complaint, HIS failed to respond to letters from Ms. Woods or her agent seeking a copy of the benefits plan description in violation of the agreement between HIS and Eagle for employee health benefit services.

Count I
(Breach of Contract)

7.    Eagle incorporates by reference all of the allegations set forth in paragraphs 1 – 6 herein.

8.    HIS was under contract with Eagle to administer its health care plan and accordingly was required to notify former employees of their COBRA rights

after being informed of a qualifying event by Eagle and to provide a program plan description when contacted by a plan participant.

9. Eagle informed HIS that Ms. Woods had been separated.

10. HIS mailed a COBRA notice to Ms. Woods but failed to take further action when the certified mail notice was returned unclaimed.

11. HIS failed to respond to Ms. Woods, a plan participant, when she requested a copy of the program plan description.

12. HIS breached the terms of its agreement with Eagle by failing to notify Ms. Woods of her COBRA rights and by failing to provide her a copy of the plan description.

13. HIS' breach of its duty may have caused damage to Ms. Woods.

14. If Eagle is determined to be liable for the statutory violations set forth in the complaint, then it will be injured as a direct and proximate result of HIS' failure to contact Ms. Woods and a failure to provide her with a program plan summary.

Count II

(Indemnification)

15. Eagle incorporates by reference all of the allegations set forth in paragraphs 1 – 14 herein.

16. In the event Eagle is determined to be liable to Ms. Woods for damages, then HIS is liable to indemnify Eagle in the amount of such damages.

Count III

(Contribution)

17. Eagle incorporates by reference all of the allegations set forth in paragraphs 1 – 16 herein.

18. In the event Eagle is determined to be liable to Ms. Woods for damages, then HIS is liable to make contribution to Eagle in the amount of such damages.

Prayer for Relief

WHEREFORE, Cross-claimant Eagle Technologies, Inc., prays as follows:

1. On Counts I-III, that this Court enter judgment for Cross-claimant Eagle Technologies, Inc., against Cross-defendant Health Insurance Specialists, Inc. for any and all sums as may be adjudicated against Eagle Technologies, Inc., in favor of Plaintiff in this action; and

2. Award Cross-claimant Eagle Technologies, Inc., its costs and attorney's fees; and

3. Grant such other and fitting relief as this Court deems just, equitable and proper.

                                          Respectfully submitted,

                                          _____

                                          James E. McCollum, Jr.
                                          (D.C. Bar No. 398117)
                                          Carla M. Mathers
                                          (D.C. Bar No. 445064)
                                          7309 Baltimore Avenue, Suite 117
                                          P.O. Box 1717
                                          College Park, MD  20741-1717
                                          Telephone:  (301) 864-6070
                                          Facsimile:   (301) 864-4351


                                          _____

                                          Richard C. Daniels
                                          (D.C. Bar No. 369261)
                                          DANIELS & GREEN, LLC
                                          College Park Center
                                          7309 Baltimore Avenue, Suite 217
                                          College Park, MD  20740
                                          Telephone:  (301) 864-1100
                                          Facsimile:   (301) 864-1277


                                          *Attorneys for Defendant and Cross-Plaintiff*
August 9, 2006                           *Eagle Technologies, Inc.,*

**Certificate of Service**

I hereby certify that a copy of the foregoing Answer and Cross-Claim was mailed, postage pre-paid, this __9th_____ day of August, 2006 to:

> J. Thomas Spiggle, Esq.
> Janis, Schuelke & Weschsler
> 1728 Massachusetts Ave., N.W.
> Washington, D.C. 20036
>
> Kelly M. Lippincott, Esq.,
> 1615 L Street, N.W., Suite 500
> Washington, D.C. 20036

_____/s/_____
Carla M. Mathers