**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VIVIAN M. WOODS<br>37A Wild Horse Road<br>Hilton Head, SC  29926<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>EAGLE TECHNOLOGIES, INC.,<br>9301 Annapolis Road, Suite 200<br>Lanham, MD  20706-3130<br><br>　　　and<br><br>HEALTH INSURANCE SPECIALISTS, INC.<br>17620A Redland Road<br>Rockville, MD  20855,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:06cv00695 RMC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| EAGLE TECHNOLOGIES, INC.<br>9301 Annapolis Road, Suite 200<br>Lanham, MD  20706-3130<br><br>　　　Cross-Claimant,<br><br>　　　v.<br><br>HEALTH INSURANCE SPECIALISTS, INC.<br>17620A Redland Road<br>Rockville, MD  20855,<br><br>　　　Cross-Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT RULE 16.3 REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.3 and this Court's Order dated August 14, 2006, the parties have conferred and reached agreement as discussed below.  Counsel conferring on this matter included J. Thomas Spiggle, attorney for Plaintiff Vivian Woods; Richard C. Daniels, attorney for Defendant/Cross-Claimant Eagle Technologies, Inc.; and Dennis J. Quinn, attorney for Defendant/Cross-Defendant Health Insurance Specialists, Inc.

**I.     PARTIES' STATEMENTS OF THE CASE**

As required by this Court's Order, the parties set forth their respective statements of the case.

   A.     Plaintiff Vivian Woods

Plaintiff Woods asserts that Defendant Eagle Technologies, Inc. ("Eagle"), her former employer, and Defendant Health Insurance Specialists, Inc. ("HIS"), failed to comply with the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, as amended by the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et seq*.  Specifically, Ms. Woods claims that Defendants failed to mail notice of her right to continuation of her health insurance coverage to her last-known address and failed upon request to provide her with a copy of the plan's Summary Plan Description.

Under 29 U.S.C. § 1166, upon the occurrence of a "qualifying event," the employer must notify the plan administrator of the event.  Id.  Termination of employment constitutes a qualifying event provided that the employer did not fire the employee for actions constituting "gross misconduct."  29 U.S.C. § 1163(2).  Upon the

occurrence of the qualifying event, the plan administrator has 30 days in which to notify the employee of her right to continue her coverage under the employer's health plan. 29 U.S.C. § 1166(a)(2).

In this action, Ms. Woods specifically asserts that: She participated in Eagle's group health plan (Compl. ¶¶ 12, 13);Eagle terminated Ms. Woods' employment, not for gross misconduct, but because she attempted to take 30-days of unpaid leave to care for her mother pursuant to the Family & Medical Leave Act, (Compl. ¶¶ 8, 15-38, 61); Eagle knew or had reason to know that Ms. Woods had moved apartments prior to terminating her employment (Compl. ¶¶ 31-34, 39, 43-47); moreover, Eagle knew that Woods could be contacted at her mother's home in South Carolina and did in fact send correspondence to Ms. Woods at that address both before and after terminating her employment (Compl. ¶¶ 28-29); despite the various avenues available to Eagle and HIS to provide COBRA notice, Defendants only attempted to provide notice by letter sent to Ms. Woods' old L Street address, which notice was returned undelivered (Compl. ¶¶ 37, 42,); after HIS notified Eagle that the coverage notice had been returned undelivered, Defendants made no subsequent efforts to provide Ms. Woods with the requisite notice (Compl. ¶¶ 48-52); subsequently, Ms. Woods' health insurance lapsed, leaving her without coverage (Compl. ¶ 56); thereafter Ms. Woods required surgery (id.); that surgery would have been covered by Ms. Woods' health insurance had it not been allowed to lapse; instead, Ms. Woods had no insurance coverage and has been unable to pay her medical bills, which remain outstanding (id.). Ms. Woods further claims that both Eagle and HIS failed to provide her with a copy of plan documents within 30 days of her request as required by 29 U.S.C. § 1024(b)(4). Comp. ¶¶ 57, 67-68.

B.     <u>Defendant/Cross-Plaintiff Eagle Technologies, Inc.</u>

Eagle terminated Ms. Woods for gross misconduct because she was absent without leave from her post of guard duty at NASA headquarters. The decision the District of Columbia Office of Human Rights, Dkt. No. 05-267-P(N), in the Complaint filed by Ms. Woods against Eagle constitutes issue preclusion as to this matter. Despite the fact that she was terminated for gross misconduct, Defendant HIS was notified by Eagle of Ms. Woods's termination and Defendant HIS sent Ms. Woods a COBRA notice to her last known address.

While Eagle denies liability, it believes that Ms. Woods failed to mitigate her damages. In the event that Eagle is found to be liable to Ms. Woods, then Defendant HIS is liable to Eagle for contribution and indemnification.

C.     <u>Defendant/Cross-Defendant Health Insurance Specialists, Inc.</u>

Defendant Health Insurance Specialists, Inc. ("HIS") served as the plan administrator for Defendant Eagle Technologies, Inc. ("Eagle") at all relevant times at issue. On or about September 24, 2004, Eagle terminated Plaintiff Vivian M. Woods' employment. Ms. Woods' termination was a "qualifying event" under 29 U.S.C. § 1166 ("COBRA"). Subsequent to Eagle's termination of Ms. Woods, it notified HIS that Ms. Woods had been termination and that her address was 1001 L Street, SE, Apartment 2, Washington, DC 2003 ("L Street address").

On or about October 27, 2004, HIS sent a COBRA notification via certified mail to Ms. Woods at the L Street address. On or about November 29, 2004, the notice was returned to HIS as undeliverable. HIS promptly notified Eagle that the COBRA notification had been returned. Eagle did not provide HIS with any other address or contact information

for Ms. Woods.

Eagle had previously sent correspondence to Ms. Woods at addresses other than the L Street address. Eagle had a duty to provide accurate information regarding the last known addresses of its former employees. HIS promptly notified Eagle that the COBRA notification had been returned, however Eagle failed to provide the last known address of Ms. Woods.

**II.     RULE 16.3/RULE 26(f) REPORT**

A.     <u>Pre-Discovery Disclosures</u>:  The parties will exchange by September 18, 2006, the information required by Fed.R.Civ.P. 26(a)(1).

B.     <u>Discovery Plan</u>.  The parties jointly propose to the Court the following discovery plan:  Parties anticipate discovery to be routine in this matter and thus discovery will proceed pursuant to the Federal Rules of Civil Procedure and subject to the limits and deadlines discussed below.

> (1)    Discovery will be needed to determine: whether Ms. Woods provided her current addresses to Eagle subsequent to her termination; whether Eagle was absolved of any obligation to provide notice because Ms. Woods was terminated for "gross misconduct"; whether Eagle knew or should have known the two addresses at which Ms. Woods could be reached subsequent to her termination; whether Eagle played any role in the administration of its health care plan; whether Eagle communicated Ms. Woods' last-known address to HIS; whether HIS mailed notice sufficient to satisfy statutory requirements to Ms. Woods at her last-known

        address; whether HIS communicated to Eagle that the letter to Ms. Woods had been returned undelivered; if so, whether Eagle undertook any effort to locate Ms. Woods; whether Ms. Woods suffered harm as the result the allegations set forth in her complaint and, if so, the extent of such harm; whether Ms. Woods took any steps to mitigate her damages; whether HIS and Eagle timely provided plan documents providing the information required by statute upon receiving a request from Ms. Woods; whether HIS is liable to Eagle for any judgment against Eagle; and whether Eagle is liable to HIS for any judgment against HIS.

(2)   Disclosure or discovery of electronically stored information should be handled as follows: Parties do not have any specific proposals for discovery of electronic material. Production of any such material will occur pursuant to the requirements of Rule 26(a)(1) and any forthcoming discovery requests.

(3)   All discovery commenced in time to be completed by March 15, 2007.

(4)   Maximum of 20 interrogatories by each party to any other party. Responses due 30 days after service.

(5)   Maximum of 20 requests for admission by each party to any other party. Responses due 30 days after service.

(6)   Each party to take a maximum of 10 depositions.

    (7)    Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

    (8)    Reports from retained experts under Rule 26(a)(2) due February 7, 2007.

    (9)    Supplementations under Rule 26(e) due in 30-day intervals.

C.    <u>Other Items</u>

    (1)    The parties do not request a conference with the court before entry of the scheduling order.

    (2)    The parties request a pretrial conference during July 2007 to be scheduled at the Court's convenience.

    (3)    Plaintiff should be allowed until October 2, 2006, to join additional parties and parties should be allowed until this same date to amend the pleadings.

    (4)    All potentially dispositive motions should be filed by April 19, 2007.

    (5)    Settlement is possible but cannot be evaluated prior to September 18, 2006, and would be enhanced by use of the following alternative dispute resolution procedure: Parties request the Court to set this down for mediation and/or independent case evaluation. Plaintiff requests that this occur as soon as practicable following the September 18 deadline for Rule 26(a)(1) disclosures. Defendant/Cross-Claimant Eagle requests that parties be given 60 days to complete the mediation process.

    (6)    Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from plaintiffs 45 days and defendants 30 days before trial.

    (7)    Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    (8)    The trial date should be set at the pre-trial conference. Trial at this time is expected to take approximately 3 days.

    (9)    Parties will not consent to having this case assigned to a magistrate for purposes other than mediation.

Agreed to by:

/s/_____
J. Thomas Spiggle, Esq.
S. Robert Sutton, Esq.
1728 Mass. Ave., N.W.
Washington, D.C. 20036
Attorneys for Plaintiff Vivian Woods


/s/_____
James E. McCullum, Jr., Esq.
Carla M. Mathers, Esq.
7309 Baltimore Avenue, Suite 117
P.O. Box. 1717
College Park, MD 20741-1717
Attorneys for Defendant/Cross-Claimant Eagle Technologies, Inc.


/s/_____
Richard C. Daniels, Esq.
7309 Baltimore Avenue, Suite 217
College Park, MD 20740-3200
Attorney for Defendant/Cross-Claimant Eagle Technologies, Inc.

/s/_____
Dennis J. Quinn, Esq.
Kelly M. Lippincott, Esq.
1615 L Street. N.W.
Suite 500
Washington, D.C. 20036
Attorneys for Defendant/Cross-Defendant Health Insurance Specialists, Inc.


Date:   September 5, 2006

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VIVIAN M. WOODS )<br>37A Wild Horse Road )<br>Hilton Head, SC  29926 )<br>　　　　　　　　　　　　　　　　)<br>　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>　　　v. )<br>　　　　　　　　　　　　　　　　)<br>EAGLE TECHNOLOGIES, INC., )<br>9301 Annapolis Road, Suite 200 )<br>Laham, MD  20706-3130 )<br>　　　　　　　　　　　　　　　　)<br>　　　and )<br>　　　　　　　　　　　　　　　　)<br>HEALTH INSURANCE SPECIALISTS, INC. )<br>17620A Redland Road )<br>Rockville, MD  20855, )<br>　　　　　　　　　　　　　　　　)<br>　　　Defendants. )<br>　　　　　　　　　　　　　　　　) | Civil Action No. 1:06cv00695 RMC |

_____
EAGLE TECHNOLOGIES, INC.　　　　)
9301 Annapolis Road, Suite 200　　　　)
Lanham, MD  20706-3130　　　　　　)
　　　　　　　　　　　　　　　　)
　　　Cross-Claimant,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
HEALTH INSURANCE SPECIALISTS, INC. )
17620A Redland Road　　　　　　　　)
Rockville, MD  20855,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　Cross-Defendant.　　　　　　　)
_____)

10

## **[PROPOSED] SCHEDULING ORDER**

The Court, having reviewed parties' Joint Rule 16.3 Report, hereby enters the following Scheduling Order.

| EVENT | DATE |
| --- | --- |
| Disclosures F.R. Civ. P 26(a)(1) | September 18, 2006 |
| Deadline for Amending Pleadings | October 2, 2006 |
| Disclosures F.R. Civ. P 26(a)(2) | February 7, 2007 |
| Discovery Close | March 19, 2007 |
| Dispositive Motions | April 19, 2007 |
| Oppositions | May 21, 2007 |
| Replies | June 4, 2007 |
| Pre-Trial Hearing | July 2007 |
| Ruling on Dispositive Motions | August 6, 2007 |
| Disclosures F.R. Civ. P 26(a)(3) | Plaintiff 45 days before trial; Defendants 30 days |
| Trial | To be determined at PTH |

**FURTHER ORDERED** that this matter be set for mediation at the next available date.

**SO ORDERED.**

Date:  September 18, 2006

_____
ROSEMARY M. COLLYER
United States District Judge