IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIVIAN M. WOODS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No.: 1:06CV00695 (RMC) |
| | : |
| HEALTH INSURANCE SPECIALISTS, INC., *et al.* | : |
| | : |
| Defendants. | : |

**DEFENDANT HEALTH INSURANCE SPECIALISTS, INC.'S
ANSWER TO CROSS-CLAIM AND CROSS-CLAIM AGAINST
<u>DEFENDANT EAGLE TECHNOLOGIES, INC.</u>**

Defendant, Health Insurance Specialists, Inc. ("HIS"), by counsel, CARR MALONEY P.C., answers Defendant Eagle Technologies, Inc.'s Cross-Claim and states as follows:

1. Defendant admits the allegations contained in Paragraph 1 of Defendant's Cross-Claim.

2. Defendant admits the allegations contained in Paragraph 2 of Defendant's Cross-Claim.

3. Defendant admits the allegations contained in Paragraph 3 of Defendant's Cross-Claim.

4. Defendant admits the allegations contained in Paragraph 4 of Defendant's Cross-Claim.

5. Defendant denies the allegations contained in Paragraph 5 of Defendant's Cross-Claim.

**DEFENDANT'S EXHIBIT 1**

6. Paragraph 58 of Plaintiff's Complaint and Paragraph 6 of Defendant's Cross-Claim call for a legal conclusion to which no response is required. To the extent that a response is required, denied.

Count I

(Breach of Contract)

7. Defendant incorporates by reference its responses to Paragraphs 1 through 6 above.

8. Defendant admits the allegations contained in Paragraph 8 of Defendant's Cross-Claim.

9. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 of Defendant's Cross-Claim, and therefore denies them.

10. Defendant denies the allegations contained in Paragraph 10 of Defendant's Cross-Claim.

11. Defendant denies the allegations contained in Paragraph 11 of Defendant's Cross-Claim.

12. Defendant denies the allegations contained in Paragraph 12 of Defendant's Cross-Claim.

13. Defendant denies the allegations contained in Paragraph 13 of Defendant's Cross-Claim.

14. Paragraph 14 of Defendant's Cross-Claim calls for a legal conclusion to which no response is required. To the extent that a response is required, denied.

### Count II

### (Indemnification)

15.  Defendant incorporates by reference its responses to Paragraphs 1 through 14 above.

16.  Paragraph 16 of Defendant's Cross-Claim calls for a legal conclusion to which no response is required. To the extent that a response is required, denied.

### Count III

### (Contribution)

17.  Defendant incorporates by reference its responses to Paragraphs 1 through 16 above.

18.  Paragraph 18 of Defendant's Cross-Claim calls for a legal conclusion to which no response is required. To the extent that a response is required, denied.

### FIRST DEFENSE

The Cross-Claim fails to state a claim upon which relief may be granted as to this Defendant.

### SECOND DEFENSE

Any injuries, losses, and damages claimed by the plaintiff herein solely were the result of Defendant Eagle Technologies, Inc.'s negligence.

### THIRD DEFENSE

Any injuries, losses, and damages claimed by the plaintiff herein were the result of the plaintiff's sole and/or contributory negligence.

### FOURTH DEFENSE

The claims alleged in Defendant Eagle Technologies, Inc.'s Cross-Claim are barred due to the negligence and/or affirmative conduct of others for whom in law this defendant is not responsible.

FIFTH DEFENSE

Defendant will rely upon all defenses lawfully available to it including, but not limited to, those already asserted herein.

SIXTH DEFENSE

Defendant Eagle Technologies, Inc.'s Cross-Claim is or may be barred by the doctrine of collateral estoppel, judicial estoppel, and/or laches.

SEVENTH DEFENSE

Defendant Eagle Technologies, Inc. has failed to mitigate its damages.

For these reasons, the defendant, Health Insurance Specialists, Inc., respectfully requests that the Cross-Claim filed herein against it be dismissed with prejudice, with costs, attorney's fees, and interest as provided by law assessed against Defendant Eagle Technologies, Inc. and that Defendant Health Insurance Specialists, Inc. be granted such other and further relief as this honorable Court deems just and proper.

**DEFENDANT HEALTH INSURANCE SPECIALISTS, INC.'S CROSS CLAIM**

Pursuant to Federal Rule of Civil Procedure 13(g), Defendant Health Insurance Specialists, Inc. ("HIS") hereby files its Cross-Claim against Defendant Eagle Technologies, Inc. ("Eagle"). Cross-claimant HIS asserts that HIS may be individually, jointly, and/or severally liable to Cross-claimant HIS for any and/or all of Plaintiff's claims against Eagle, and states:

1.   At all time relevant to this action, HIS was the plan administrator for Eagle.

2.   On or about September 24, 2004, Eagle terminated Plaintiff Vivian M. Woods' employment.

3.   Ms. Woods' termination was a "qualifying event" under 29 U.S.C. § 1166

("COBRA").

4. Subsequent to Eagle's termination of Ms. Woods, it notified HIS that Ms. Woods had been termination and that her address was 1001 L Street, SE, Apartment 2, Washington, DC 2003 ("L Street address").

5. On or about October 27, 2004, HIS sent a COBRA notification via certified mail to Ms. Woods at the L Street address.

6. On or about November 29, 2004, the notice was returned to HIS as undeliverable.

7. HIS promptly notified Eagle that the COBRA notification had been returned.

8. Eagle did not provide HIS with any other address or contact information for Ms. Woods.

9. Eagle had previously sent correspondence to Ms. Woods at addresses other than the L Street address.

## Count I

### (Breach of Contract)

10. HIS incorporates by reference all of the allegations set forth in paragraphs 1-9.

11. Pursuant to the contract with HIS, Eagle was required to provide accurate information regarding the last known addresses of its former employees.

12. HIS promptly notified Eagle that the COBRA notification had been returned, however Eagle failed to provide the last known address of Ms. Woods.

13. Eagle's breach of its duty to provide the last known address of its former employee caused damage to Ms. Woods.

14. HIS denies any liability whatsoever to Plaintiff Woods. Nevertheless, it asserts that any and all injuries and damages alleged by Plaintiff in the Complaint were the proximate result of the breach of the contract by Eagle.

15. HIS has incurred costs and fees as a result of Eagle's breach of the contract for which Eagle is liable to HIS.

For these reasons, Defendant Health Insurance Specialists, Inc. demands judgment against Defendant Eagle Technologies, Inc. for indemnity and/or contribution for any and all damages for which HIS may be found liable to Plaintiff Woods, together with costs, investigative fees, attorney's fees and all other relief that this Court deems just and proper.

## Count II

(Negligence)

16. HIS incorporates by reference all of the allegations set forth in paragraphs 1-16.

17. Eagle had a duty to provide accurate information regarding the last known addresses of its former employees to its plan administrator, HIS.

18. HIS promptly notified Eagle that the COBRA notification had been returned, however Eagle failed to provide the last known address of Ms. Woods.

19. Eagle's breach of its duty to provide the last known address of its former employee caused damage to Ms. Woods.

20. HIS denies any liability whatsoever to Plaintiff Woods. Nevertheless, it asserts that any and all injuries and damages alleged by Plaintiff in the Complaint were the proximate result of the negligence of Eagle.

21. HIS has incurred costs and fees as a result of Eagle's negligence for which Eagle is liable to HIS.

For these reasons, Defendant Health Insurance Specialists, Inc. demands judgment against Defendant Eagle Technologies, Inc. for indemnity and/or contribution for any and all damages for which HIS may be found liable to Plaintiff Woods, together with costs, investigative fees, attorney's fees and all other relief that this Court deems just and proper.

## Count III

(Contribution)

22. HIS incorporates by reference all of the allegations set forth in paragraphs 1-21.

23. HIS denies any liability whatsoever to Plaintiff Woods. Nevertheless, it asserts that any and all injuries and damages alleged by Plaintiff in the Complaint were the proximate result of the acts or omissions of Eagle.

24. Should it be determined that some or all of the allegations in Plaintiff's Complaint are true such that HIS is held liable to the Plaintiff, then Eagle is liable to HIS for contribution in the amount of such damages.

25. HIS has incurred costs and fees as a result of Eagle's negligence for which Eagle is liable to HIS in contribution.

For these reasons, Defendant Health Insurance Specialists, Inc. demands judgment against Defendant Eagle Technologies, Inc. for indemnity and/or contribution for any and all damages for which HIS may be found liable to Plaintiff Woods, together with costs, investigative fees, attorney's fees and all other relief that this Court deems just and proper.

<u>Count IV</u>

(Indemnity)

26. HIS incorporates by reference all of the allegations set forth in paragraphs 1-25.

27. HIS denies any liability whatsoever to Plaintiff Woods. Nevertheless, it asserts that any and all injuries and damages alleged by Plaintiff in the Complaint were the proximate result of the acts or omissions of Eagle.

28. Any and all injuries and damages alleged by Plaintiff were the result of the breach of contract, negligence, and/or other liability producing conduct of Eagle. If HIS is found liable with respect to Plaintiff's alleged injuries and damages, such liability is solely secondary, imputed and vicarious, and Eagle is liable over in indemnity.

29. HIS has incurred costs and fees as a result of Eagle's negligence for which Eagle is liable to HIS in indemnity.

For these reasons, Defendant Health Insurance Specialists, Inc. demands judgment against Defendant Eagle Technologies, Inc. for indemnity and/or contribution for any and

all damages for which HIS may be found liable to Plaintiff Woods, together with costs, investigative fees, attorney's fees and all other relief that this Court deems just and proper.

        Respectfully submitted,

        CARR MALONEY P.C.

By:        / s /       
        Dennis J. Quinn, Esquire #455793
        Kelly M. Lippincott, Esquire #484610
        1615 L Street, N.W.
        Suite 500
        Washington, D.C.  20036
        (202) 310-5500 (Telephone)
        (202) 310-5555 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing ***Defendant Health Insurance Specialists, Inc.'s Answer to Cross-Claim and Cross-Claim Against Defendant Eagle Technologies, Inc.*** was transmitted electronically on this 6th day of September, 2006 to:

J. Thomas Spiggle, Esquire
Janis, Schuelke & Wechsler
1728 Massachusetts Avenue, N.W.
Washington, D.C. 20036
***Counsel for Plaintiff Vivian M. Woods***

James E. McCollum, Jr., Esquire
James E. McCollum, Jr. & Associates
7309 Baltimore Avenue
Suite 117
College Park, Maryland 20740
***Counsel for Defendant Eagle Technologies, Inc.***

_____/ s /_____
Kelly M. Lippincott